### 22254. HOOKS *v.* McCART.

Decided June 14, 1932.

*Hall, Grice & Bloch,* for plaintiff in error.
*M. Felton Hatcher,* contra.

Luke, J. In an action for damages W. G. McCart was awarded a verdict against T. W. Hooks for $400. The plaintiff claimed that he had been discharged as manager and farm overseer, in violation of his contract of employment, and sought to recover the stipulated compensation accrued for the time that he was unable to obtain employment after his discharge and until the expiration of the term

of his contract. The defendant's motion for a new trial having been denied, he excepted.

The record discloses nothing to support the general grounds of the motion for a new trial; and, indeed, the brief of counsel for plaintiff in error does not insist upon them.

The first of the three special grounds is not urged in the brief of counsel, and may be regarded as abandoned. The second of the special grounds complains that the court charged the jury as follows: "Something has been said about McCart's carrying a pistol. I charge you that McCart would have a legal right to carry a pistol on the farm, provided it be carried in an open manner and not concealed; that is, it would not be illegal for him to do so." In our view of the circumstances, there was nothing objectionable in this charge from the viewpoint of the defendant below. It would seem that McCart carried a pistol at times, but rather in the performance of his duties as overseer than in any way that interfered with the performance of those duties, if we have correctly understood the evidence adduced; and the carrying of the pistol was not in violation of his agreement with his employer. We think this assignment can not be sustained upon any correct theory of the law applicable to the facts of the case.

In the third special ground it is urged that it was error for the court to instruct the jury that, in the event the plaintiff was entitled to recover, interest might be included in the amount of the verdict; and this contention is based upon the assumption that the action is one to recover unliquidated damages. We think that it is fairly to be concluded that the verdict for $400 is the aggregate of the two items of $250 of accrued salary from the time of the wrongful discharge until the date of expiration of the term of employment, and $150 as the reasonable value of the farm living and rental of dwelling house for the same period, at $30 per month, as alleged in the plaintiff's petition. It is apparent that interest was awarded on this aggregate sum only from the date of the wrongful discharge. If this is true, then, obviously the jury disregarded the instruction complained of and included no interest in the sum awarded; and no harm therefrom resulted to the prejudice or injury of the movant, in any event. In this view, the verdict and judgment will not be disturbed for any reason assigned.

The motion presented by defendant in error for the assessment

of ten per centum for damages for delay is denied with some measure of reluctance; but we are not wholly assured that the case was brought to this court for purposes of delay only.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*